SUMMONS ISSUED

CV-11 3738

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------

MOSHE HERZBERG on behalf of himself and
all others similarly situated,

       Plaintiff,

-against-

JEFFREY G. LERMAN
D/B/A JEFFREY G. LERMAN, P.C.

       Defendant.

-------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, J
BOYLE, M, J

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff seeks redress for the illegal practices of Jeffrey G. Lerman who does business as Jeffrey G. Lerman, P.C. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to South Nassau Radiology.

4. Upon information and belief, Jeffrey G. Lerman is a New York attorney who maintains an office for collection of debts at 170 Old Country Road, Mineola, Nassau County, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly

1

owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Moshe Herzberg*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about November 26, 2010 defendant sent the plaintiff a collection letter regarding the within debt at issue which was claimed to be $309.00.

11. The letter states in pertinent part as follows: "Due to the fact that your account remains outstanding, I will ultimately provide our client the option of reporting this delinquency to a credit reporting bureau unless full payment, made payable to my client, is received directly at this office on or before <u>MONDAY, DECEMBER 06, 2010</u>, or we enter into a mutually acceptable installment agreement by said date. A self-addressed return envelope is enclosed for your convenience."

12. Said deadline was a false deadline imposed upon the plaintiff.

13. Upon information and belief, upon the failure of the plaintiff to pay the debt in full, and the passing of the date December 6, 2010, the underlying creditor, was not given the option by the defendant to report the within debt to a credit

2

reporting bureau.

14. Upon information and belief, the defendant nor the underlying creditor would report the plaintiff's debt to a credit reporting bureau.

15. Said language leaves the least sophisticated consumer confused as to whether the defendant or the creditor will report the debt to the credit bureaus.

16. Upon information and belief, the defendant does not report nor intend to report the debt to the credit bureaus.

17. Upon information and belief, the defendant did not have any authority from the South Nassau Radiology to take steps to report the debt to a credit bureau.

18. Upon information and belief, prior to the sending of the initial letter, the parameters of the collection process were established between the defendant and South Nassau Radiology.

19. Said December 6, 2010 deadline is a falsely imposed deadline to merely threaten and intimidate the plaintiff and least sophisticated consumers to pay the debt.

20. It appears that Lerman has signed the letters personally and has personally engaged in the false threats and deceptive representations.

21. The said letters are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in a deceptive practice and threatening to take action which was not intended to be taken and threatening to take action for which the defendant did not have authority.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

22. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-21 as if set forth fully in this Cause of Action.

23. This cause of action is brought on behalf of plaintiff and the members of a class

3

and sub-class.

24. The Class consists of consumers who received the same form letter dated November 26, 2010 as did the plaintiff.

25. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about November 26, 2010 sent within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to South Nassau Radiology; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. § 1692e(5) and 1692e(10).

26. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

27. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

28. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

29. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

30. The defendant's actions as set forth above violate the Fair Debt Collection Practices Act.

31. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

     (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

     (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

     (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 1, 2011

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

6

LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

OF COUNSEL

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

November 12, 2010

Mr. Moshe Herzberg
1100 Fulton Street
Woodmere, New York  11598

Re:  Our Client       : South Nassau Radiology, P.C.
     Patient          : Herzberg, Moshe
     Account Number   : 396402
     Date of Treatment: 05/06/10 thru 05/12/10
     Original Charge  : $309.00
     Balance          : $309.00

Dear Mr. Herzberg:

Our records reflect that your account of $309.00, with our client, the originating creditor, remains outstanding and that:

1. This office mailed to you on October 1, 2010, a letter regarding the above-referenced account.

2. More than thirty (30) days have elapsed and you balance remains outstanding.

3. No payment arrangement has been made for the payment of this account.

Please mail full payment directly to this office, made payable to my client, on or before **MONDAY, NOVEMBER 22, 2010**. If you are unable to pay the balance in full and wish to work out a reasonable installment arrangement, or if you wish to discuss this matter, you may contact the undersigned at (516) 742-9282.

On behalf of our client, we thank you in advance for your payment and for giving this matter your attention.

This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

Jeffrey G. Lerman, Esq.

LAW OFFICE OF
# JEFFREY G. LERMAN, P.C.

THE BENCHMARK BUILDING • 170 Old Country Road - Suite 600 • Mineola, New York 11501
TEL (516) 742-9282 • FAX (516) 742-4105 • e-mail: jlerman@lawyers.com

OF COUNSEL

AARON L. LEBENGER
RANDY M. STEIN
DOUGLAS D. VIVIANI

November 26, 2010

Mr. Moshe Herzberg
1100 Fulton Street
Woodmere, New York  11598

|  |  |  |
|---|---|---|
| Re: | Our Client | : South Nassau Radiology, P.C. |
|  | Patient | : Herzberg, Moshe |
|  | Account Number | : 396402 |
|  | Date of Treatment | : 05/06/10 thru 05/12/10 |
|  | Original Charge | : $309.00 |
|  | Balance | : $309.00 |

Dear Mr. Herzberg:

Kindly recall that your above referenced past due account has been referred to this office by our client, South Nassau Radiology, P.C., the originating creditor. As you are aware from my previous correspondence, this office has requested payment regarding this matter. As you are further aware, this office has been patient in trying to resolve this matter, including our offer to set up a mutually agreeable installment payment arrangement to pay off your balance.

Due to the fact that your account remains outstanding, I will ultimately provide our client the option of reporting this delinquency to a credit reporting bureau unless full payment, made payable to my client, is received directly at this office on or before <u>MONDAY, DECEMBER 06, 2010</u>, or we enter into a mutually acceptable installment arrangement by said date. A self-addressed return envelope is enclosed for your convenience.

As this balance remains unpaid and in view of our patience previously extended, this letter will serve as your final opportunity to resolve your account before our client is given the option of reporting this delinquency to a credit reporting bureau.

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose. If you have any further questions, you may contact the undersigned at (516) 742-9282.

Very truly yours,

Jeffrey G. Lerman, Esq.